IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01454-BNB

FELICIA WALKER,

    Plaintiff,

v.

ARI ZAVARAS, Director,
CECILIA LOPEZ, Medical Staff,
MS. SHOEMAKER, Medical Director, and
COLORADO DEPT. OF CORRECTIONS,

    Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 24 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

Plaintiff Felicia Walker is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Women's Correctional Facility in Denver, Colorado. On June 8, 2009, Ms. Walker submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an order on August 17, 2009, in which he determined that Ms. Walker had failed to assert personal participation by named Defendants and instructed her to file an Amended Complaint. Plaintiff filed an Amended Complaint on September 3, 2009.

The Court must construe the Amended Complaint liberally because Ms. Walker is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Ms. Walker asserts that Defendant Cecilia Lopez gave her a "deadly" mixture of medications that caused a severe adverse reaction to the medications and resulted in her contracting Stephens Johnson Syndrome. Ms. Walker further contends that she suffered for four days subsequent to the reaction before she was hospitalized, even though she filed grievances with Defendant Ms. Shoemaker and asked that Defendant Shoemaker resolve the issue. Ms. Walker further asserts that she fell and fractured her elbow but again waited for five days to have her elbow x-rayed, and again Defendant Shoemaker failed to respond to Ms. Walker's grievances. Plaintiff seeks money damages.

With respect to Defendants Lopez and Shoemaker, the action will be drawn to a district judge and to a magistrate judge. Nonetheless, Defendants Ari Zavaras and Colorado Department of Corrections will be dismissed for the following reasons.

Ms. Walker was instructed by Magistrate Judge Boland, in the August 17, 2009, Order, that personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). Ms. Walker states that Defendant Zavaras is the director of the prisons, and he has failed to insure care for her chronic conditions, even after she contacted "them." (Sept. 3, 2009, Am. Compl. at 9.)

Ms. Walker fails to assert that Defendant Zavaras has personally participated in failing to attend to her specific medical needs. Under the theory of respondeat superior, Defendant Zavaras is not liable for the acts of Defendants Lopez and Shoemaker. Ms. Walker fails to assert that Defendant Zavaras caused the deprivation of her federal constitutional rights.

Magistrate Judge Boland also instructed Ms. Walker, in the August 17, 2009, Order, that she may not sue the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C.

§ 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003). Accordingly, it is

ORDERED that the Complaint and action, as asserted against Defendants Cecilia Lopez and Ms. Shoemaker, shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Defendants Aristedes Zavaras and Colorado Department of Corrections are dismissed from the action, and the Clerk of the Court is instructed to remove them as named parties to the suit.

DATED at Denver, Colorado, this 23 day of Sept, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01454-BNB

Felicia Walker
Prisoner No. 135374
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/24/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk