IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01454-MSK-KLM

FELICIA WALKER,

      Plaintiff,

v.

CECILIA LOPEZ, Medical Staff, and
MS. SHOEMAKER, Medical Director,

      Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      The matter is before the Court on an Order to Show Cause [Docket No. 26]. Pursuant to 28 U.S.C. § 636(b)(1)(A), the case has been referred to this Court for recommendation.

      By orders entered July 16, 2009 [Docket No. 9] and August 13, 2009 [Docket No. 12] Plaintiff was granted leave to  proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Title 28, United States Code, Section 1915(b)(2) provides that a plaintiff is required to make "monthly payments of 20 percent of the preceding month's income credited to [her] account" until the filing fee is paid in full.  In the orders granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed either to make the required monthly payments or show cause each month why she has no assets and no means by which to make the monthly payment.

      The Court's docket indicates that Plaintiff has not paid her initial filing fee.  Plaintiff's

last payment toward the filing fee was on August 7, 2009.  Plaintiff has not made a payment for the months of August through September 2009.   On November 2, 2009, the Court ordered Plaintiff to show cause on or before November 13, 2009 why the case should not be dismissed for failure to comply with the orders allowing Plaintiff to proceed *in forma pauperis*.  In response, Plaintiff stated that she thought the filing fee payments would automatically be withdrawn from her inmate account and that she was not "told that I was suppose[d] to be responsible." [Docket No. 24].

Contrary to Plaintiff's representation, in both the order granting Plaintiff *in forma pauperis* status and this Court's November 2, 2009 Order to Show Cause, Plaintiff was notified that she is responsible for making the filing fee payments.  Accordingly, the Court ordered that Plaintiff show cause on or before January 19, 2010 why the case should not be dismissed for failure to comply with the orders allowing Plaintiff to proceed *in forma pauperis*.  Plaintiff was informed that if she did not comply with the orders by that date, the Court would recommend that the case be dismissed.  In response to the Order to Show Cause, Plaintiff again asserts that she believed the filing fee payments were automatically deduced from her inmate account [Docket No. 27].  She also requests that from now on the payments be automatically withdrawn from her account.[1]

## II. Analysis

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the circuit court enumerated the factors to be considered when evaluating grounds for dismissal of an

---

[1] Plaintiff must monitor her own financial resources and work within the applicable rules and regulations existing at the facility where she is incarcerated to ensure that her monthly filing fee obligations are met.

action.   The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D. Colo. 1996).

A.  Prejudice to the Defendants

From a review of her case file, I find that Plaintiff's failure to provide either a monthly payment or to demonstrate her inability to pay by presenting a verified copy of her inmate account has not delayed the progression of her case toward resolution, nor have Defendants been prejudiced or adversely impacted.  I note, however, that the purpose behind requiring prisoners to pay their filing fee is to deter frivolous prisoner litigation. *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997).  Defendants, like the courts, are burdened by frivolous cases. Thus, Defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

In addition, as the circuit court explained in *Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10 th Cir. 2003):

> The issue here is not money per se.  The issue, rather, is respect for the judicial process and the law.  Plaintiff must lose [her] right to pursue [her] claim in court because of [her] utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court.  In disposing of this appeal, we have occasion to set forth the duties of indigent prisoners with respect to the payment of filing fees.
>
> * * *
>
> These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or

3

> appeals feel the deterrent effect created by liability for filing
> fees.

(Internal quotations and citations omitted).

### B.  Interference With the Judicial Process

Plaintiff has failed to comply with this Court's Order to Show Cause issued on November 2, 2009 [Docket No. 23] and the Order to Show Cause issued on January 5, 2010 [Docket No. 26].  Plaintiff's failure to follow the Court's orders with respect to her obligation to pay the filing fee, the Court's continual review of her file and issuance of orders regarding the filing fee increase the workload of the Court and interfere with the administration of justice.

### C.  Culpability of the Plaintiff

Plaintiff has without any reasonable excuse ignored the order to make payments towards the filing fee or to show cause why she could not.  Plaintiff was ordered thereafter to show cause why her case should not be dismissed for the failure to make payments or to show cause why she could not.  Plaintiff failed to comply with both Orders to Show Cause.  From this, I must conclude that Plaintiff is responsible for her noncompliance.

### D. Advance Notice of Sanction of Dismissal for Noncompliance

Plaintiff was warned that she risked dismissal of her case if she continued to fail to make payments towards the filing fee or to show cause why he could not [Docket No. 26].  Despite that warning, Plaintiff failed to make any adequate showing excusing her failures to comply with this Court's orders to make her monthly payments or show cause why she could not.

### E.  Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective.  The
Plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be
ineffective.  Because the injury from Plaintiff's failures to comply principally is to the judicial
system, and not to defendants, a sanction limiting evidence would bear no substantial
relation to the misconduct.  Under these circumstances, no lesser sanction would be
effective and dismissal without prejudice is an appropriate sanction.

### III.  Conclusion

I respectfully **RECOMMEND** that the Plaintiff's Amended Complaint be **DISMISSED
without prejudice** for her failure to make monthly payments of twenty percent of her
preceding month's income until her filing fee was paid in full, or show cause each month
that she has no assets with which to make the monthly payment.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall
have fourteen (14) days after service of the Recommendation to serve and file any written
objections in order to obtain reconsideration by the District Judge to whom this case is
assigned.  A party's failure to serve and file specific, written objections waives *de novo*
review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,
474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal
questions.  *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.
Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this
Recommendation must be both timely and specific to preserve an issue for *de novo* review
by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73
F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 22, 2010

BY THE COURT:

__s/ Kristen L. Mix_____
United States Magistrate Judge