IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01454-MSK-KLM

FELICIA WALKER,

     Plaintiff,

v.

CECILIA LOPEZ, Medical Staff, and
MS. SHOEMAKER, Medical Director,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

The matter is before the Court on a letter from Plaintiff [Docket No. 29; Filed January 28, 2010] which District Judge Marcia S. Krieger has construed as a motion for reconsideration. [#30].  Pursuant to 28 U.S.C. § 636(b)(1)(A), the Motion has been referred to this Court for recommendation.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already

1

addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff is an inmate proceeding *in forma pauperis*. On January 22, 2010, I recommended that the Amended Complaint be dismissed without prejudice based on Plaintiff's failure to make monthly payments of twenty percent of her preceding month's income until her filing fee was paid in full, or to show cause each month that she has no assets with which to make the monthly payment. [#28]. The decision was based on Plaintiff's consistent failure to comply with 28 U.S.C. §1915(b)(2).

Plaintiff had responded to the Court's Orders to Show Cause by stating that she thought the filing fee payments would automatically be withdrawn from her inmate account. She also requested that from then on the payments be automatically withdrawn from her account. [#27]. The Court denied this request, noting that Plaintiff must monitor her own financial resources to ensure that her monthly filing fee obligations are met. [#28].

Plaintiff now claims that her failure to respond to the Court's Orders was the fault of unnamed prison employees who would not provide her with her account statements. Given Plaintiff's continual failure to submit her account statements, I find her latest rationale to be lacking in credibility.[1] Moreover, she has provided no basis for the Court to reconsider the Recommendation. Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion for Reconsideration be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

---

[1] Attached to Plaintiff's letter is an account statement, which Plaintiff produced after the case was dismissed.

assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 14, 2010

BY THE COURT:

__s/ Kristen L. Mix_____
United States Magistrate Judge
